TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANGELA C. MAKABALI (Cal. Bar No. 296824)
Special Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2331
     Facsimile: (213) 894-0141
     E-mail:    angela.makabali@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 8:20-00178-MWF |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT ROSA MARIE GARCIA |
| v. | |
| ROSA MARIE GARCIA, | Hearing Date: April 4, 2022<br>Hearing Time: 2:00 p.m.<br>Location:    Courtroom of the<br>             Hon. Michael W.<br>             Fitzgerald |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Special Assistant United States Attorney Angela C. Makabali, hereby files its sentencing position regarding defendant ROSA MARIE GARCIA.

This sentencing position is based upon the attached memorandum of points and authorities, the Presentence Investigation Report, the United States Pretrial and Probation Office's Recommendation Letter, the files and records in this case, and such further evidence and argument as the Court may permit. The United States respectfully
//

requests the opportunity to supplement its position or otherwise respond to defendant as may become necessary.

Dated: March 14, 2022          Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

      /s/
ANGELA C. MAKABALI
Special Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Rosa Marie Garcia ("defendant") is a 42-year-old woman who has suffered from mental illness and drug addiction, as well as homelessness, which have undoubtedly contributed to her criminal history. These issues came to a head when, upon calling the Social Security Administration ("SSA") and learning that she could not speak with a specific SSA employee regarding her benefits over the telephone, defendant threatened to harm SSA employees. Although defendant absconded from pretrial supervision for a few months, she eventually contacted her Pretrial Services supervising officer and reported when asked. Shortly thereafter, defendant pleaded guilty pursuant to a plea agreement to Assault on a Federal Official, in violation of Title 18, United States Code, Section 115(a)(1)(B).

In the United States Probation and Pretrial Services Office's ("USPO") Presentence Investigation Report ("PSR"), the USPO calculated a total offense level of 15 and a criminal history category of VI, yielding a guidelines range of 41 to 51 months' imprisonment. (PSR, Dkt. 43, ¶¶ 152.) The government agrees with the USPO's calculations, but not its recommendation of 15 months' imprisonment and three years of supervised release. (See Dkt. 42.)

Because of the mitigating factors in this case, the government recommends a six-level downward variance consistent with its obligations in the Plea Agreement. The mitigating factors in defendant's personal history counsel in favor of a sentence at the low end of that Guidelines range. The resultant Guidelines range also adequately accounts for defendant's lengthy criminal history. Accordingly, the government submits that a six-level downward

variance and a low-end sentence of 21 months' imprisonment, followed by three years of supervised release, and a $100 special assessment is sufficient, but not greater than necessary, to achieve the goals of sentencing set forth in 18 U.S.C. § 3553(a).

## II. STATEMENT OF FACTS

In January 2015, defendant, a Social Security beneficiary, visited the Santa Ana SSA field office. Upon starting to yell, a protective security officer ("PSO") told her that she would need to leave the office unless she stopped yelling. Defendant approached an SSA employee, who attempted to interact with defendant, but defendant threatened to kill that employee, the PSO, and other employees in the building. (PSR ¶ 59.) As a result of these threats, SSA prohibited defendant from visiting any SSA offices in person. (Id.) The Federal Protective Services ("FPS"), which helps protect government buildings like SSA offices, cited defendant, who pleaded guilty in state court to a charge of felony criminal threats in violation of California Penal Code § 422(a). (Id.)

Because defendant was no longer allowed to visit SSA offices, she called the Anaheim office asking to speak with a specific employee in October 2020, while on parole. (Id. ¶¶ 12, 68.) Defendant coherently answered questions about her identity, but when the victim, J.O., an SSA employee, told defendant that the requested employee was unavailable, defendant cursed repeatedly and threatened to "go to the office and fucking wait outside and stab everyone in the head" and that she was "going to be everyone outside up." (Id. ¶¶ 11-12.) Later that day, defendant called the same office, coherently identified herself with a second SSA employee, M.G., and

then became belligerent, cursed, and threatened M.G.: "If I need to kill someone, I will." (Id. ¶ 13.)

Both J.O. and M.V. reported the incidents to their supervisor, who requested that FPS escort any employees at the office to their cars. (Id. ¶ 14.) J.O. reported defendant as extremely aggressive and capable of executing her threats, believing that defendant's comments caused reasonable apprehension of bodily harm. (Id. ¶ 16.)

After her initial appearance in this district in March 2021, the Court ordered defendant released on her own recognizance with the requirement that she reside at a sober living facility, submit to drug and alcohol testing, and not use drugs or alcohol. (Dkt. 8 at 4-5.) Defendant had initially done well for the first few months pretrial supervision, but relapsed and absconded from the sober living home in early July 2021. (Id. ¶ 6.) The Court issued a bench warrant shortly thereafter. (Id.) In October 2021, Santa Ana Police officers arrested defendant for trespassing into a home. (Id. ¶ 70.) Defendant alerted her pretrial supervising officer of her arrest and release from custody and reported to Pretrial Services. (Id. ¶¶ 7-8.) Defendant was rearrested on November 3, 2021 and ordered detained. (Id. ¶ 8.)

Over her adult life, defendant sustained numerous convictions, including several convictions for drug possession and two other felony threats convictions. (Id. ¶¶ 46-66.)

In January 2022, defendant pleaded guilty pursuant to a plea agreement to the single-count Indictment alleging Threat to a Federal Employee, in violation of Title 18, United States Code, Section 115(a)(1)(B). (Plea Agreement, Dkt. 37.)

**III. THE PSR AND SENTENCING GUIDELINES CALCULATION**

The USPO calculated defendant's base offense level as 12 under U.S.S.G. § 2A6.1(a)(1).  (Id. ¶ 25.)  The USPO applied a six-level increase under U.S.S.G. § 3A1.2(a) because the offense was motivated by victim J.O.'s status as a government officer or employee, as stipulated in the Plea Agreement.  (Id. ¶¶ 27-29).  After a three-point downward adjustment for acceptance of responsibility under U.S.S.G. §§ 3E1.1(a), (b), the USPO calculated defendant's total offense level as 15.  (Id. ¶¶ 34-35.)

The government agrees with the USPO's calculations.  The government also agrees with the USPO's calculation of defendant's criminal history score of 15, the corresponding calculation of criminal history category of VI, and the resulting Guidelines range of 41-51 months.  (Id. ¶¶ 67-69, 152.)

**IV.   THE GOVERNMENT'S SENTENCING RECOMMENDATION**

Consistent with its obligations in the plea agreement, the government recommends the Court vary downward by six levels and impose a low-end Guidelines sentence of 21 months' imprisonment, followed by a three-year period of supervised release, and a $100 special assessment.  Such a sentence is sufficient, but not greater than necessary, to achieve the purposes set forth in 18 U.S.C. § 3553(a).

Defendant's personal history and characteristics contain several mitigating circumstances which strongly support the government's recommended low-end sentence following a six-level variance. Defendant suffers from both schizophrenia and bipolar disorder, which, along with her substance abuse, likely contributed to her offense conduct here.  She experienced a difficult and traumatic

4

childhood, a history of financial hardship, domestic violence, and homelessness. (Id. ¶¶ 74-85, 90-95.) Together, these circumstances arguably fueled defendant's prior crimes. The government's recommendation of a six-level downward variance enables the Court to balance these mitigating factors against the aggravating factors discussed below by imposing a sentence at the low end of the resultant Guidelines range, as well as a three-year term of supervised release including both drug treatment and voluntary residential treatment for mental health as conditions. (Dkt. 42, USPO Recommendation Letter, at 10-11.) Such conditions will not only protect the community upon her release from custody but provide her with stability, medication, and other much needed resources to assist with her reintegration. (Id.)

Defendant's substantial criminal history and repeated violations of court supervision are certainly aggravating factors that counsel against the even greater downward variance that the USPO recommends. Her lengthy criminal history, while likely stemming from her substance abuse and mental health issues, included two prior felony threats convictions and demonstrates her high risk of recidivism and support the need for both general and specific deterrence. (Id. ¶¶ 46-66.) The government submits that a greater sentence, specifically, 21 months, is necessary to provide deterrence and to protect the public from future crimes of the defendant.

Likewise, the nature and circumstances of the offense are further aggravating and counsel in favor of the low-end sentence the government agreed to recommend. Because defendant previously threatened SSA and FPS employees at a different office in-person, defendant was banned from visiting SSA offices in person. (Id. ¶¶

10-14, 59.)  Although she used the telephone, defendant still caused victim J.O. reasonable apprehension of bodily harm, as J.O. feared that defendant as capable of executing her threats.  (Id. ¶ 16.)

The USPO recommends a downward variance of eight levels to arrive at a 15-month sentence, which is lower than some of defendant's more significant sentences.  Defendant has argued for a sentence even lower than that recommended by the USPO based on another threats case in this district, (Dkt. 44), but such sentence is inappropriate here.  While the government is aware of at least one threats case in this district involving a defendant with similar mental illnesses that resolved in a misdemeanor plea and a 12-month sentence, that case is distinguishable.  See United States v. Duran, No. CR. 19-651-MWF, (Dkt. 31, Gov't Sentencing Position at 3-4).  That defendant had a lower criminal history category and had not previously engaged in very similar conduct.  (Id. at 2-3.)  No further reduction in defendant's sentence beyond the government's recommendation is warranted.

Accordingly, consistent with its obligations in the plea agreement and the § 3553(a) factors, the government respectfully recommends that the Court vary downward by six levels and impose a low-end Guidelines sentence of 21 months' imprisonment, followed by a three-year term of supervised release, and a $100 special assessment.

//
//

# V. CONCLUSION

For the foregoing reasons, the government recommends a downward variance of six levels and that the Court sentence defendant to 21 months' imprisonment, followed by three years of supervised release, and a $100 special assessment.

Dated: March 14, 2022          Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division


          /s/
ANGELA C. MAKABALI
Special Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA